**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. EP-23-CV-373-KC |
| JD RESTAURANTS, LLC and JUAN ANTONIO LOPEZ, | § § § § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered Plaintiff's Motion for Entry of Agreed Judgment ("Motion"), ECF No. 21, and the parties' Joint Response to Court's Show Cause Order ("Response"), ECF No. 22. The parties' Agreed Judgment, ECF No. 21-1, would order that "all writs and process for the enforcement and collection of this *Agreed Judgment* may issue as necessary" and would further "direct[ ] the United States Marshals Service to use any means or force reasonably necessary to satisfy [the] *Agreed Judgment*." *Id.* at 1–2 (emphasis in original). But this order would be premature: parties may pursue execution of a judgment only *after* a judgment is entered, in accordance with applicable state and federal procedure. *See generally* Fed. R. Civ. P. 69. It would thus be inappropriate to pre-approve issuance of a writ of execution or authorize the Marshals Service to use force to satisfy the Agreed Judgment at this stage. The Court has denied a motion by Plaintiff on the same grounds in another case. *See* Mar. 23, 2023, Order 1, *G&G Closed Cir. Events, LLC v. Mariscos Culiacan, LLC*, No. 3:21-cv-231-KC (W.D. Tex. Mar. 23, 2023), ECF No. 44.

Separately, the Court previously granted the parties' request for an extension of the deadline to meet, confer, and submit a joint report of parties' planning meeting until February 19, 2024.  *See* Feb. 9, 2024, Order 2, ECF No. 16.  When the parties failed to meet the February 19 deadline, the Court ordered the parties to show cause for their failure to meet the Court's deadline and to file their report of parties' planning meeting no later than February 27, 2024.  Feb. 20, 2024, Show Cause Order 1–2, ECF No. 19.  The parties filed their Response on February 27, 2024.  *See generally* Resp.  There, they state Defendant Juan Antonio Lopez "executed settlement documents on [February 16, 2024,] on behalf of himself and JD Restaurants, LLC," but Lopez "inadvertently failed to initial each page of the settlement agreement."  Resp. ¶ 1.  On February 19, 2024, Lopez initialed the remainder of the settlement agreement, and counsel for JD Restaurants, LLC "sent the signed agreement to" Plaintiff's counsel the same day.  *Id.*  But "[w]ith the rush to get the settlement documents executed and the first payment sent to Plaintiff's counsel, and with the belief that the case was settled, the parties forgot the February 19, 2024[,] deadline."  *Id.*  The parties explain that their failures to meet the Court's deadline and to timely inform the Court of their settlement agreement were unintentional.  Resp. ¶ 2.

Upon due consideration, the Court finds that the parties have shown cause for the missed deadline.

Accordingly, the Court **ORDERS** that the Motion, ECF No. 21, is **DENIED** without prejudice to the parties' right to refile a motion for entry of an agreed judgment that does not contain language pertaining to execution of the judgment.  Plaintiff's counsel is **CAUTIONED** that further requests for judgment in this or future cases that include the language that the Court has now twice rejected may run afoul of counsel's Rule 11 obligations.  Fed. R. Civ. P. 11(b)(2).

**SO ORDERED.**

SIGNED this 28th day of February, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE